RILEY, Respondent, v. WHEAT (Impleaded With Miller, et al.,) Appellant.

(187· N. W. 425.)

(File No. 4966.    Opinion filed March 31, 1922.    Rehearing denied May 16, 1922.)

1. **Vendor and Purchaser—Specific Performance—Title—Railroad Right-of-way, Whether an Encumbrance.**

   As between vendor and purchaser, a railroad right-of-way across a portion of a quarter section of land, constitutes an encumbrance thereon.

2. **Vendor and Purchaser—Vendor's Failure to Pay Mortgage— Right-of-way Over Land, Vendee Remaining in Possession, Whether He May Rescind Contract.**

   Where, under a realty sale contract, title showed a railroad right-of-way over part of the land, and vendor had not paid off a mortgage she had contracted to pay on a certain date, but vendee had remained in possession through a tenant for nearly a year after discovery of the facts, and was in possession at date of trial; held, he could not rescind the contract; construing Sec. 906, Code 1919, requiring one seeking rescission to

"rescind promptly upon discovering the facts which entitle him to rescind."

**3. Same—Two Acre Shortage on Land, Reduction in Price Adjudicated With Specific Performance—Equity Rule Re Substantial Compliance Invoked, Whether This Made New Contract—Rule.**

Under a land sale contract for 320 acres more or less at $140 per acre, trial court found that by reason of a railroad right-of-way across part of the land there was a shortage of two acres, and reduced purchase price accordingly in decreeing specific performance. Held, against contention that this in effect made a new contract for the parties, that court was justified in so ruling; that if party obtains substantially that for which he contracted—that if deficiency in quantity of estate can be made the subject of compensation consistently with conclusion that purchaser would not have declined contract had he known of deficiency, court will enforce it; that equity court will not permit forms of law as instruments of injustice, and will defeat enforcement of rigid rule of law for unconscientious purposes, and will interfere to defeat advantage being taken of circumstances not admitting of strict performance, if failure is not substantial.

**4. Same—Vendor's Failure to Pay Mortgage on Contract Date, Vendor's Excuse, Vendee's Failure to Make Larger Payment—Specific Performance Decreed—Rule.**

The fact that, under a land sale contract vendor had defaulted in paying off a mortgage on the land by a certain date, on which date vendee was required to pay a larger sum on purchase money, will not defeat specific performance; vendor's excuse for not paying mortgage being that while she was ready and willing, vendee had defaulted in paying a larger sum to apply on purchase money, due on the same date; since existence of a mortgage on land sold, which is considerably less than price payable by purchaser does not bar specific performance.

**5. Same—Unpaid Mortgage Vendor Required to Pay, Vendee's Larger Payment Overdue, Unpaid, Whether Unmerchantable Title Re Specific Performance.**

The fact that the abstract of title showed a mortgage still on land sold under contract requiring vendor to pay it off by date certain, on which date vendee was required to pay but had not paid a larger sum on purchase price, does not show unmerchantable title within rule of specific performance.

Appeal from Circuit Court, Minnehaha County. Hon. JOHN T. MEDIN, Judge.

Action by Mary Riley, against Charles M. Wheat (Impleaded with Julius and Lewis Miller), to enforce specific performance of

a contract for sale of land; defendant counterclaiming for repayment of a partial payment made, and for rescission of the contract. From a judgment for plaintiff, and from an order denying a new trial, defendant Wheat appeals. Affirmed.

*Kirby, Kirby & Kirby*, for Appellant.

*Jones, Muller & Conway*, for Respondent.

(1) To point one of the opinion, Appellant cited: Barlow v. McKinley, 24 Ia. 69; Beach v. Miller, 51 Ill. 206, 2 Am. Rep. 290.

(2) To point two, Respondent cited: Keepers v. Yocum, 84 Kas. 554, Vol. 22, Am. & Eng. Ann. Cas. 748; id, note p. 750.

(3) To point three, Respondent cited: Kuhn v. Freeman, 15 Kas. 423; Lewis v. Hawkins, U. S. Sup. Ct., 23 L. Ed. 113.

(4) To point four, Respondent cited: Guild v. Atchinson, T. & S. F. R. Co., 57 Kas. 70, 33 L. R. A. 77.

ANDERSON, J. June 6, 1919, plaintiff and defendant entered into a contract for purchase and sale of a half section of land in Minnehaha county, the material portions of which are: Plaintiff to sell to defendant the property comprising 320 acres, more or less, for $140 per acre, making a total consideration of $44,800. Plaintiff to deed property clear of incumbrance March 1, 1920. Defendant at said time to make payment of $12,800 and execute mortgage secured on the land in the sum of $30,000, bearing interest at 5½ per cent. ten years from March 1, 1920. Possession to be delivered at said time. At time of contract defendant paid $2,000. Plaintiff to furnish abstract March 1, 1920, showing clear, merchantable title in herself. Plaintiff to take up $8,000 mortgage March 1, 1920. It being agreed that time of payment should be an essential part of the contract.

Defendant failed to make the $12,800 payment due March 1, 1920, and assigned as reason for such failure that 100 rods of wire fence, a feed bunk, and certain water pipe, claimed to aggregate in value $550, had been, since the making of the contract, removed from the premises, and also claimed that plaintiff had failed to furnish an abstract showing merchantable title in herself and had failed to pay the $8,000 mortgage incumbrance. Defendant also claimed that land was incumbered by an easement, being a railroad right of way across a portion of the land, and which was not shown on the abstract furnished. Defendant also

claims that at the time of the contract he had no knowledge of the railway passing over the premises, although evidence shows he inspected land at time of purchase. Defendant also claims that there is about 9 acres of the farm taken up by section lines used as public highways, and that by reason thereof he should not be held to performance of the contract. Defendant set up a counterclaim, in which he demanded judgment for $2,000, the amount paid on the contract, and for rescission of the contract.

It is admitted that defendant in January 1920, rented the premises in question to the codefendants Miller, and was under the contract of rental to receive $650 cash for pasture and hay land, and two-fifths of the corn, oats, and barley, delivered at market. It is also admitted that defendant remained in possession of the premises through his tenants up to and including the trial of this case, which took place in January, 1921. Findings and conclusions were in favor of plaintiff, but the court ascertained the value of the property that had been removed from the premises after the making of the contract, together with the value of the land occupied by the railroad right of way, and deducted such amount from the payment that was to be made March 1, 1920, which reduced said amount to $12,360. Judgment was entered, requiring defendant to pay plaintiff $12,360 and that he perform in accordance with the terms of the contract on or before March 1, 1921, and that upon failure to pay and perform such conditions defendant should forfeit the $2,000 he paid on the purchase price, and that all his rights in the premises be terminated.

Numerous assignments of error, based on admission and exclusion of testimony, are urged by defendant. All of these have been carefully considered, but, being of the opinion that none constitute prejudicial error, we shall not discuss the same.

[1] Defendant contends that the railroad right of way constituted an incumbrance upon the land. This we think is true. Kellogg v. Malin, 50 Mo. 496, 11 Am. Rep. 426; Beach v. Miller, 51 Ill. 206, 2 Am. Rep. 290; Tandy v. Waesch, 154 Cal. 108, 97 Pac. 69; Burk v. Hill, 48 Ind. 52, 17 Am. Rep. 731; 15 C. J. 1276.

[2] Defendant further contends that, by reason of the railroad right of way and by reason of the fact that the $8,000 mortgage was not paid by March 1, 1920, he was entitled to rescind

the contract. Our statute (section 906, R. C.) specifies what must be done in order to entitle a party to a contract to rescind:

"He must rescind promptly, upon discovering the facts which entitle him to rescind."

This, it is clear, defendant failed to do. On the contrary, he continued in the actual possession of the premises for nearly a year after he knew the facts upon which he now seeks to base a right to rescind.

[3] The court found that by reason of the land taken for right of way there was a shortage of two acres. For this the court made a reduction in the purchase price to the extent of $280. It is contended by defendant that this in effect is making a contract for the parties, instead of determining and construing the contract that the parties themselves made. It seems, however, that there is a long and respectable line of authorities holding that under circumstances as in this case such procedure is proper. In a note to Investment Co. v. Vernon (Tenn.) 52 L. R. A. (N. S.) 960, the writer says:

"If the party can obtain substantially the thing for which he contracted—if the deficiency in quantity of the estate, or the extent of incumbrance, can be made the subject of compensation—and if such compensation can be given consistently with the conclusion that the purchaser would not have declined the contract, had he known of the deficiency or burden, then the court will enforce it upon him." Guynet v. Mantel, 4 Duer (N. Y.) 86; Halsey v. Grant, 13 Ves. Jr. 73.

Lord Erskine has said that:

"Equity does not permit the forms of law to be made instruments of injustice, and will interpose against parties attempting to avail themselves of the rigid rule of law for unconscientious purposes. Where, therefore, advantage is taken of a circumstance that does not admit a strict performance of the contract, if the failure is not substantial, equity will interfere. If, for instance, the contract is for a term of 99 years in a farm, and it appears that the vendor has 98 or 97 years, he must be non-suited in an action; but equity will not so deal with him, and if the other party can have the substantial benefit of his contract, that slight difference being of no importance to him, equity will interfere.

Thus was introduced the principle of compensation now so well established, a principle which I have no disposition to shake."

See Melick v. Cross, 62 N. J. Eq. 545, 51 Atl. 16.

[4]  Defendant again contends that plaintiff's failure to pay the $8,000 mortgage at the time provided should excuse him from complying with the terms of the contract.  From the evidence in this case it was claimed by plaintiff that she had the $8,000 necessary to pay off this mortgage, and that she would do so upon the payment by defendant of the $12,800 that he at that time was under obligation to pay.  But, assuming that plaintiff did not have the means to pay the $8,000 at the time specified, the fact still remains that at that very time she had due from defendant $12,-800, which he, without any real or substantial reason, withheld from her.  It has been repeatedly held by the courts that the existence of a mortgage, or mortgages, on the land sold, which are considerably less than the price to be paid by the purchaser, can be discharged out of the purchase money, and does not constitute a bar to an action for specific performance.  Guild v. Atchison, T. & S. F. R. Co., 57 Kas. 70, 45 Pac. 82, 33 L. R. A. 77, 57 Am. St. Rep. 312; Keepers v. Yokum, 84 Kas. 554, 114 Pac. 1063, Ann. Cas. 1912A, 749; May v. Getty, 140 N. C. 310, 53 S. E. 75; Keating v. Gunther, 32 N. Y. St. Rep. 1112, 10 N. Y. Supp. 734.

Where the incumbrance can be removed merely by the application of the purchase money, and the court can provide for a conveyance of a clear title to the vendee, the mere fact that an incumbrance exists which the plaintiff has not removed, or even is unable to remove without the application of the purchase money, will not prevent a decree for specific performance.  57 Kan. 70, 45 Pac. 82, 33 L. R. A. 81, 57 Am. St. Rep. 312.

[5]  Defendant contends that the abstracts furnished did not show merchantable title.  This contention is predicated on the fact that the $8,000 mortgage had not been paid.  This claim is covered by what we have hereinbefore said.

Finding no reversible error in the record, the order and judgment of the lower court are affirmed.