Note.—Reported in 202 N. W. 479. See, Headnote (1), American Key-Numbered Digest, Rape, Key-No. 43(1), 33 Cyc. 1470; (2) Rape, Key-No. 35, 33 Cyc. 1452; (3) Rape, Key-No. 51(1), 33 Cyc. 1496; (4) Rape, Key-No. 51(1), 33 Cyc. 1486.

On giving liquor or drugs to female with view of having sexual intercourse with her as constructive rape or assault with intent to commit rape, see note in 46 L. R. A. (N. S.) 422.

---

PFISTER, Respondent, v. SIME, et al, Appellants.

(202 N. W. 476.

(File No. 5622.   Opinion filed February 27, 1925.)

1. **Vendor and Purchaser—Waiver—Estoppel—Contracts — Acceptance and Retention by Purchaser of Abstract Without Objection Held Waiver of Noncompliance with Contract.**

   Where purchaser accepted a written abstract, and retained it for over two years without objecting to its form, he thereby waived right to claim it did not comply with contract.

2. **Vendor and Purchaser—Waiver—Furnishing of Abstract May Be Waived by Purchaser.**

   Requirement that vendor shall furnish an abstract of title is for benefit of purchaser, who may waive it.

3. **Vendor and Purchaser—Waiver—Purchaser Held to Have Waived Making and Filing of Satisfaction of Mortgage.**

   Purchaser by failing to request release of mortgage and securing extensions of time to make payments and going into possession, and exercising ownership, held to have waived making and filing of satisfaction of mortgage until date it was filed.

4. **Vendor and Purchaser — Evidence — Equity—Tender — Evidence Held to Show Vendor Willing and Able to Perform Terms of Contract.**

   Evidence, in action to foreclose contract, that vendor complied with judgment requiring him to get a proper release and satisfaction of the mortgage either from the mortgagee's heirs or administrator, or under Rev. Code 1919, Sec. 3046, held to show that vendor was able and willing to perform terms of contract.

**5. Vendor and Purchaser—Rescission—Purchaser Knowing at Time of Purchase that Right of Way Granted and Remaining in Possession Cannot Rescind.**

Where purchaser, under contract of sale, knew at time he purchased property that vendor had granted a right of way, and made no objection to abstract on that ground, but went into possession, held that such right of way was not ground for rescission.

Appeal from Circuit Court, Moody County; Hon. John T. Medin, Judge.

Action by L. M. Pfister against Andrew T. Sime and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 46 S. D. 82, 190 N. W. 885.

*Warren & Lloyd,* of Flandreau, and *Danforth & Barron,* of Sioux Falls, for Appellants.

*Rice & Rice,* of Flandreau, for Respondent.

Appellants Cited: Norton v. Rosenkranz, 216 Pac. 389; Crtuches v. Aiken, 252 S. W. 844; Downey v. Levenson, (Mass.) 142 N. E. 85; Mann v. Campbell, 250 S. W. 110; Weinberg v. Sanders, 198 N. Y. S. 121; Sanders v. King, 95 So. 19; Lutz v. Fults, 193 N. W. 119; Fagan v. Hook, 105 N. W. 155; McChesney v. Oppek, 194 N. W. 882; Nauert v. Koffman, 186 N. W. 55; Ohtjes v. Thomas, 187 N. W. 726; Ink v. Rohrig, 23 S. D. 548; Weitizel v. Leyson, 23 S. D. 367; Saunders v. Erickson, 187 N. W. 116; Swallow v. Kolterman, 192 N. W. 720; Easten v. Lockhart, 10 S. D. 181, 86 N. W. 697; Townsend v. Goodfellow, 41 N. W. 1056; Black Hills National Bank v. Kellogg, 4S. D. 312, 56 N. W. 1071; Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365; Bruegger v. Carter, 151 N. W. 34; Kennedy v. Dennstadt, 154 N. W. 271; Graw v. Taylor, 137 N. W. 271; 27 R. C. L. Sec. 198, p. 483; 38 L. R. A. (N. S.) 29; Hower v. Coatz, 107 N. W. 397; Schneck v. Wick, 23 Utah 576, 65 Pac. 732; Wesley v. Wells, 177 U. S. 373, 44 L. Ed. 811; Srolovitz v. Margulis, 35 Pac. 252; Moore v. Williams, 115 N. Y. 586, 12 Am. St. Rep. 844, 22 N. E. 233; Zorn v. McPharland, 32 N. Y. Supp. 770; Clark v. Merinsky, 202 N. Y. S. 273, Savage v. Shields, 293 Fed. 863; Sann Mateo Land Co. v. Elem, 293 Fed. 869; Dent v. Johnson, 195 N. W. 938; 27 R. C. L. Sec. 239, p. 512; Hickman v. Long, 150 N. W. 298; Van Able v. Weim-

meing, 146 N. W. 697; Dingley v. Oali, 117 U. S. 490; Woodmen v. Blue Grass Co., 104 N. W. 920.

Respondent cited: Riley v. Wheat, 45 S. D. 330, 187 N. W. 425; Smith v. Detroit, (S. D.) 17 S. D. 431, 97 N. W. 17; Miller v. Thompson, 157 N. W. 677; 27 R. C. L. Sec. 240, p. 513; Johnston v. Johnston, 43 Minn. 5, 44 N. W. 668; McAlpine v. Reicheneker, 56 Kan. 100, 42 Pac. 339; Papin v. Goodrich, 103 Ill. 86; Prichard v. Mulhall, 140 Iowa 1, 118 N. W. 43; Moot v. Business Men's Inves. A'ss'n. 157 N. Y. 201, 45 L. R. A. 666, 52 N. E. 1; Thornburg v. Doolittle, 148 Iowa 530, 125 N. W. 1003; Plumber v. Kennington, (Ia.) 128 N. W. 552; Hickman v. Long, 34 S. D. 639, 150 N. W. 289; Burton v. Ryther, 38 S. D. 342, 161 N. W. 350; Etna Life Ins. Co. v. Shryer, 85 Ind. 362; Nat. Etc. Co. v. Elliott, 60 Ind. App. 112, 108 N. E. 784; Kenefick v. Shumaker, 116 N. E. 319; Donley v. Porter, 119 Iowa 542; Stanton v. Barnes, 72 Kan. 541; Lewis v. Woodbine, (Ia.) 364; Watts v. Waddle, 31 U. S. 6; Tripp v. Seiler, 161 N. W. 337, 38 S. D. 321; Hickman v. Long, 34 S. D. 639, 150 N. W. 298, Pfister v. Sime, 190 N. W. 885.

SHERWOOD, J. On March 24, 1920, plaintiff sold, on contract to defendant Sime, a lot and business building in Flandreau. Alleging default in making the payments agreed, plaintiff brought action to foreclose the contract. Plaintiff had judgment, and defendants appeal.

So far as necessary to this case, the contract between the parties provided, in substance: That plaintiff, as soon after April 1st as possible, should furnish an abstract showing marketable title in her to the property; that Sime should pay her $200 on or before the execution of the contract, $1,300 April 1, 1920, and $1,000 on April 1st each year thereafter until the purchase price of $6,500, with annual interest at 6 per cent, was fully paid, and Sime agreed to pay all taxes assessed after the year 1919.

Defendant Warren, as attorney for defendant Sime, examined the abstract, and on April 5, 1920, made his certificate in writing to plaintiff, showing only two objections thereto:

First. That there was an unsatisfied mortgage of $1,000 to Albert Faegre, and said in his certificate:

"I presume that Mrs. Pfister will have to secure the satisfac-

tion from Mrs. Faegre, who was, and, I believe, still is, the administratrix of the estate of Albert Faegre, deceased. I believe at present she is living in Minneapolis."

Second. Unpaid taxes, $118.17.

No other objection was made to the title until long after this action was commenced.

About 10 days after 'Warren examined the title Warren and Bates bought the contract of sale with full knowledge of the condition of the title and of the above objections. Defendants Warren and Bates were in sole possession of this property, and either used it themselves or collected and used the rents from April 15, 1920, to July 26, 1924. No request was made that the mortgage be released.

Warren and Bates made two small payments on the contract after they purchased it ,the last was $200 April 27, 1921. They asked extensions, and on several occasions promised payment, which they failed to make.

On September 17, 1921, plaintiff obtained from Mrs. Faegre and filed a satisfaction of the $1,000 mortgage objected to by Warren. The taxes plaintiff was to pay were paid by defendant and credited to him as a payment on the contract.

On October 15, 1921, defendants Warren and Bates were in default in the payment of the last half of the taxes due for the year 1920, and were in default in the payment of all but $259.05 of the $1,000 and interest due April 1, 1921. Relying on these defaults, this action was brought.

It is defendants' contention: (1) That the covenants in this contract are mutual; (2) that defendant's default in making his payments is excused because plaintiff first defaulted.

The particular points under (2) are: (A) That the paper or abstract furnished was in fact no abstract; (B) that the Faegre mortgage was not satisfied until September 17, 1921, after defendants' payments were due; (C) that plaintiff has deeded to the public a right to the use of an alley 10 feet wide across the south 25 feet on lot 3, thereby preventing her from conveying the entire property covered by the contract.

It may be conceded under objection (1) that the covenants in the contract are mutual.

[1] To defendants' objection 2 (A) it must be said: The abstract was in the usual form in which abstracts of title are made in this state. Defendant accepted and retained the abstract for over two years without any objection to its form. We hold that the acceptance and retention of the abstract without objection to its form is a waiver of the purchaser's right to claim it does not comply with the contract. Prichard v. Mulhall, 140 Iowa, 1, 118 N. W. 43; Moot v. Business Men's Invest. Ass'n, 157 N. Y. 201. 52 N. E. 1, 45 L. R. A. 666.

[2, 3] To defendants' objection 2 (B) we hold:

"The requirement that the vendor shall furnish an abstract of title is for the benefit of the purchaser and may be waived by him." 27 R. C. L. § 239, p. 512.

And that defendants, by failing to request the release of the mortgage or object to its not being released until after suit brought, and by securing extensions of time to make payments and actually making payments on the contract more than a year after he entered into possession of the property, and being in possession and exercising acts of ownership, did waive the making and filing of the satisfaction of mortgage until the date it was filed; namely, September 17, 1921.

Under objection 2 (B) defendant also contends that, because the evidence at the trial showed Mrs. Faegre, the administratrix who released the mortgage, was married after she was appointed administratrix and before she executed the release, and the release was executed by her while section 3254, R. C. 1919, was in force, therefore her authority to make the release was extinguished, and the release was void.

The record does not show plaintiff had any knowledge until the trial that Mrs. Faegre had married after she was appointed administratrix. Defendant's suggestion that she could execute the release leads us to infer either that he did not know of her marriage or that he was acting in bad faith toward plaintiff in inducing him to rely on her release.

The record does show that Mrs. Faegre lived in Minneapolis; that she had been married and divorced since she was administratrix, and was single at the time the release was made.

The trial court found that the mortgage had been discharged by the person and in the manner requested prior to the com-

mencement of this action, and that the debt had been fully paid before the contract of sale was entered into between plaintiff and defendant Sime. And these findings are fully sustained by the evidence.

[4] The judgment of the court provided that plaintiff should either furnish a new release signed by all the Faegre heirs, or get a proper release from a legally appointed administrator, or obtain a release through the court under the provisions of section 3046, R. C. 1919; have the papers properly recorded and abstract brought down to show property clear before the defendant should pay balance due. It further appears from the record that plaintiff has complied with the judgment and order of the trial court, and obtained and filed a legal satisfaction of this mortgage. We therefore hold the proof showed plaintiff was at the time of the trial, able and willing to fully perform the terms of his contract.

[5] Under objection 2 (C) it appears: Defendant had full knowledge that plaintiff had granted a right of way for an alley 10 feet wide across the back end of this lot at the time he bought the property; that when he made objections to this abstract he made no objection to this right of way; in fact, never objected to it until long after this suit was brought. There was no alley originally in this block; no way by which goods could be delivered to the back of this and other stores in the block until plaintiff, with other property owners, established this alley.

The trial court found that the granting of the use of this alley was a benefit to the property. We think the evidence sustains the finding. There has been no rescission of this contract, and under the facts here disclosed this right of way was not ground for rescission. Riley v. Wheat, 45 S. D. 320, 187 N. W. 425.

We have carefully examined each of the other assignments of error, and find them without merit.

The judgment and order of the lower court are affirmed.

ANDERSON, J., not sitting.