RAPP, Respondent, v. PETRICK, Appellant.

(249 N. W. 736.)

(File No.. 7360. Opinion filed July 31, 1933.)

*Hitchcock, Sickel & Whiting*, of Mitchell, for Appellant.
*Miller & Shandorf,* of Mitchell, for Respondent.

POLLEY, J.   Plaintiff and defendant entered into a written contract whereby defendant agreed to sell plaintiff a piece of real property in the city of Mitchell.   The contract was made on the 18th day of October, 1930.   The agreed price of the land was $5,000, $50 of which was paid when the contract was signed and the remaining $4,950 was to be paid in cash on or before the 1st day of November, 1930, and "possession was to be given November 1st when the terms of this contract have been complied with." Defendant was to furnish an abstract showing a marketable title in himself and a warranty deed conveying said title to plaintiff, which deed and abstract were to be deposited in the Commercial Trust & Savings Bank of Mitchell, "where the deal is to be closed."   Said bank was authorized to deliver said papers and close the deal when the terms and conditions of the contract had been fulfilled.   And said contract further provided that:  "It is mutually agreed that if the said second party fails or refuses to make any of the payments as above specified, he shall forfeit the amounts already paid, and the said second party further agrees to claim no interest in or title to the above described property by virtue of payments which have been made, it being expressly agreed that the payments made are for the purpose of obtaining an option to purchase said property, on the terms and conditions above named, and that time is the essence of this contract."

Plaintiff did not wait until the 1st of November to enter into possession of the property, but took immediate possession thereof when the contract was signed.   Just how he obtained possession of the property does not appear in the record.   He had no right under the terms of the contract to possession of the property prior to the 1st day of November, 1930, and it does not appear that he had consent from the defendant to take possession of the same. Plaintiff continued to occupy the premises for a period of about two weeks, when, on the 29th day of October, 1930, defendant's

wife served on the plaintiff a notice to quit and vacate the said premises within three days after the service of said notice. On the following day plaintiff, without any objection on his part, vacated said premises and surrendered the same to the defendant. He told defendant's wife, however, that he thought a part of the $50 he had paid should be returned to him, as $50 for the use of the property for the time he had occupied the same was too high. Defendant, himself, was out of the state at the time the notice to vacate was served on the plaintiff, and plaintiff testified that at the time of the service of said notice, defendant's wife told him that they (defendant and wife) did not intend to go through with the deal and that plaintiff could not have the property. This was positively denied by defendant's wife. No more appears to have been said about the matter until the 17th day of November, 1930, when plaintiff sent to defendant a letter advising defendant that plaintiff was "insisting on going thru with the contract, as per the provisions thereof." This letter further advised defendant that unless plaintiff heard from him within ten days plaintiff would feel obliged to start suit and ask to recover the amount paid and damages under the contract. Immediately upon receipt of this letter, defendant replied by letter in which he called the attention of the plaintiff to the fact: "The contract calls for $4950.00 to be paid on or before November 1st, 1930." And further called the attention of the plaintiff to the fact that he (plaintiff) had never offered or tendered payment of said sum, and that if he was able and ready to complete the contract to advise defendant at once as he was ready to go thru with the deal. This letter also called plaintiff's attention to the fact that he (plaintiff) had no right to possession of the property prior to the 1st of November, but that he could have possession of the property any time he made the payment called for by the contract. To this letter plaintiff made no reply, but immediately thereafter started this action for damages.

The case was tried to the court without a jury. Plaintiff had judgment for $500 damages for breach of the contract and for $25, being one-half of the cash payment made by plaintiff on the purchase price of the property. The other half of said cash payment was allowed to defendant as the rental value of the property

while it was occupied by the plaintiff. From such judgment and an order denying a new trial, defendant appeals.

Plaintiff claims that he was able and willing to pay the balance due on the purchase price of the property on the 1st day of November; while it is the contention of the defendant that plaintiff was wholly without funds with which to complete the said purchase. Plaintiff does not claim that he had the money with which to complete the transaction, but said that he had a draft for $5,000. The contract calls for cash, and whether or not he had a draft for $5,000 or any other sum is not material to the issues in this case.

The trial court made the following finding of fact: "That on the 29th day of October, 1930, the defendant caused to be served upon the plaintiff a written notice to quit and vacate said premises above described, within three days and notified said plaintiff to quit and vacate said premises within three days thereafter, and orally advised this plaintiff that defendant would not sell to the plaintiff the above described premises, and advised the plaintiff that he would have to get out, and surrender the possession of said premises to the defendant; and that the defendant was not going to sell said premises to the plaintiff on the terms agreed upon; that there after and on the 30th day of October, 1930, and in accordance with said notice to quit, the plaintiff quit and vacated said premises above described."

It appears to be the theory of the plaintiff that by the service of this notice to vacate the premises, the defendant breached the said contract and thereby became liable to the plaintiff for damages for failure to carry out the terms of the contract. We are not able to agree with plaintiff on this proposition. The service of the said notice to quit in no manner interfered with or prevented the plaintiff from carrying out the terms of the contract, nor need he have vacated the premises had he not been willing to abandon the same. The notice to quit was served on the 29th of October and required plaintiff to vacate the premises within three days. The third day fell on the 1st day of November. On that day the plaintiff was required by the terms of the contract to pay the balance of $4,950 due on the purchase price of the property, and had plaintiff complied with such provision of the contract, by paying said sum of money or depositing same with the said bank, he would have been entitled to remain in possession of the premises. De-

fendant was not within the state when the notice to quit was served on the plaintiff and it is not, shown by the evidence or otherwise that the defendant's wife had any authority to repudiate or rescind or cancel the said contract.

The court in finding of fact No. 4 found as follows: "That defendant has failed, neglected and refused to sell said premises to the plaintiff or to deliver possession of the same and said defendant did not on or before Nov. 1, 1930, make, issue or deliver any warranty deed to the plaintiff covering said premises, * * *."

■ The reply to this finding is that the contract does not require the defendant to deliver the possession of the property or to make, issue, or deliver a deed of conveyance of the same to the plaintiff until the said purchase price was paid or tendered. The court further found that there was a mortgage on said premises in the sum of $2,500 and a second mortgage in the sum of $100 which said mortgages had not been paid or satisfied by said defendant on or before the 1st day of November, 1930; but these mortgages constitute no legal reason why the plaintiff could not have completed his purchase of the said premises. These mortgages were both due and could have been paid off at any time. Both of said mortgages were in the hands of said bank for collection. Plaintiff could have paid these mortgages, and completed his purchase by the payment to the defendant of the balance of the purchase price. This is the established law in this state. In Riley v. Wheat, 45 S. D. 320, 187 N. W. 425, 427, where a similar question was involved, this court said: "Where the incumbrance can be removed merely by the application of the purchase money, and the court can provide for a conveyance of a clear title to the vendee, the mere fact that an incumbrance exists which the plaintiff has not removed, or even is unable to remove without the application of the purchase money, will not prevent a decree for specific performance." Citing Guild v. Atchison, Topeka & Santa Fe R. Co., 57 Kan. 70, 45 P. 82, 33 L. R. A. 81, 57 Am. St. Rep. 312.

■ The agreements in the said contract whereby plaintiff agreed to pay and defendant agreed to execute and deliver a deed conveying good title are mutual dependent covenants, and neither party is in default until the other has performed, or offered to perform, the acts required of him by the terms of the contract. Ontjes v. Thomas, 45 S. D. 425, 187 N. W. 726; Hauert v. Kauf-

man, 50 S. D. 203, 208 N. W. 981. "The action for damages cannot be brought until the defendant is in default." Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594, 596. Plaintiff has never put defendant in default by offering to perform his part of the contract, therefore he cannot maintain this action for damages.

Plaintiff is not entitled to a return of any part of the cash payment of $50 made by him at the time of the execution of the contract. It is provided by the the terms of the contract as above set out that if plaintiff fails or refuses to make any of the payments provided for by the terms of the contract, the amount already paid shall be forfeited and shall be treated as having been paid for the purpose of obtaining an option to purchase the described premises on the terms named in the contract. Plaintiff is not entitled to recover, and it is not necessary to consider other assignments argued by appellant.

The judgment and order appealed from are reversed.

RUDOLPH, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.