Lincoln **AINSWORTH** and Elaine
Ainsworth, Plaintiffs and
Appellants,

v.

**FIRST BANK OF SOUTH DAKOTA,**
Larry Byrne and Bruce Walker,
Defendants and Appellees.

No. 17161.

Supreme Court of South Dakota.

Argued April 22, 1991.

Decided July 24, 1991.

Charles Rick Johnson of Johnson, Eklund & Abourezk, Gregory, Terry Pechota of Finch, Viken, Viken & Pechota, Rapid City, on the brief, for plaintiffs and appellants.

Richard Pluimer of Carr & Pluimer, Belle Fourche, for defendant and appellee First Bank.

Larry Byrne, pro se.

MILLER, Chief Justice.

Lincoln and Elaine Ainsworth appeal from a judgment entered upon a jury verdict for all defendants. Ainsworths argue that the trial court erred in the admission of hearsay testimony and in instructing the jury. We affirm.

## FACTS

This controversy centers around Larry Byrne's attempt to develop a commercial coal-pelleting process, which he sought to patent. Byrne was financed by First Bank of South Dakota (Bank) and one of its officers, Bruce Walker.[1] Lincoln Ainsworth was hired by Byrne to market the process under a commissions contract.

Through Ainsworth's marketing efforts, in January, 1984, Byrne entered into a purchase agreement whereunder Frank Schultz purchased the coal pelleting process for $2.25 million, with a $100,000 downpayment, followed by a payment of $650,000 due June 1, 1984, coupled with a promissory note for the balance payable over a seven-year period. To assist in his financing, Schultz formed a separate corporation (ICP), assigned the purchase agreement to the corporation, and contacted potential investors. Apparently, Schultz and ICP could not or did not fulfill their obligations under the purchase agreement. Therefore, Ainsworth was paid no commissions (other than for the initial downpayment which had been made).

Ainsworths then commenced this action. In their complaint, they asserted the following claims against Walker and Bank: fraud and deceit, intentional interference with contract, and breach of fiduciary duty. Additionally, they alleged that Walker, Bank and Byrne failed or refused to pay the commission for the sale to Schultz and ICP. They sought actual and punitive damages.[2] The jury found for defendants on all issues. Ainsworths raise several issues on appeal. We find them all lacking in merit.

## DECISION

■ Initially, Ainsworths assert that the trial court erred in admitting certain hearsay testimony of two witnesses, Byrne and his attorney Molstad. This testimony centered around conversations dealing with proposals of Schultz and ICP to modify the purchase agreement. Even assuming that the testimony of these witnesses was hearsay, we determine that no prejudice occurred because it was cumulative to other admissible direct testimony. *Farm–Fuel Products Corp. v. Grain Processing Corp.*, 429 N.W.2d 153 (Iowa 1988); *Galli v. Reutter*, 148 Mich.App. 313, 384 N.W.2d 43 (1985); *Alliance Nat. Bank & Trust Co. v. State Sur. Co.*, 223 Neb. 403, 390 N.W.2d 487 (1986). The other admissible evidence either supported the hearsay testimony or directly contradicted it. The jury's ultimate decision was supported by the appropriately received evidence and no prejudice resulted. *See State v. Younger*, 453 N.W.2d 834 (S.D.1990); *State v. Gerdes*, 258 N.W.2d 839 (S.D.1977); *Matter of D.T.*, 89 S.D. 590, 237 N.W.2d 166 (1975); *State v. Brewer*, 86 S.D. 434, 197 N.W.2d 409 (1972); *Alberts v. Mutual Serv. Casualty Ins. Co.*, 80 S.D. 303, 123 N.W.2d 96 (1963); *State v. De Marias*, 27 S.D. 303, 130 N.W. 782 (1911). *Cf. State v. Fender*, 358 N.W.2d 248 (S.D.1984); *Weber v. Bernard*, 349 N.W.2d 51 (S.D.1984) (error in

1. Walker represented Bank in all salient loan transactions. Additionally, he made personal loans to Byrne out of his family's trust and through the utilization of other funds "borrowed" by him from other bank customers.

2. This case was previously before us. *Ainsworth v. First Bank of South Dakota*, 420 N.W.2d -32 (S.D.1988) (*Ainsworth I*). Therein we reversed the trial court's dismissal of Bank on grounds of failure to assert a compulsory counterclaim.

admitting exhibit cumulative, thus, non-prejudicial).

■ Ainsworths assert that the trial court improperly instructed the jury by failing to instruct on their tort claims. They suggest that the tort claims were improperly converted into contract claims by the language of the instructions. We disagree.

■ "We review the jury instructions by construing them together and the instructions are not erroneous if when so construed they provide a full and correct statement of the law applicable to the case at bar." *Frazier v. Norton*, 334 N.W.2d 865, 870 (S.D.1983); *State v. Grey Owl*, 295 N.W.2d 748 (S.D.1980); *Dwyer v. Christensen*, 77 S.D. 381, 92 N.W.2d 199 (1958).

We have reviewed the trial court's instructions and note that the jury was instructed on the tort claims raised by Ainsworths in some twelve particular instructions. These instructions specifically, accurately, and adequately gave the jury the appropriate law to apply to the facts of the case.

■ Next, Ainsworths assert that the trial court committed reversible error in instructing the jury on the deceit claim. We observe, however, that the specific instruction Ainsworths complain of (No. 21) deals with the measure of damages. Since the jury found for defendants on the issue of liability, it could never have reached the damages issue and, thus, no prejudice could have occurred, even assuming that Ainsworths' legal arguments have merit. *See Lytle v. Morgan*, 270 N.W.2d 359 (S.D.1978).

■ Ainsworths further assert that the trial court's jury instructions impermissibly commented on the evidence and disregarded the law of the case. Specifically, they complain about Instruction No. 24, which read:

A fiduciary relationship is a special trust relationship existing between two parties, where one party places a special confidence in the other, and where the other knows of that special trust or confidence and accepts the responsibility to act on behalf of the first party, even to the other's own disadvantage.

A relationship between a lender and a borrower is not ordinarily sufficient to establish a fiduciary relationship. One party cannot transform a business relationship into one which is fiduciary in nature merely by placing trust and confidence in the other party. There must be additional circumstances, or a relationship that induces the trusting party to relax the care and vigilance which he would ordinarily exercise for his own protection. Further, the borrower placing the confidence must be in a position of inequality, dependence, weakness or lack of knowledge.

In a commercial context the mere rendering of advice by the lender to the borrower, even if given in a sincere effort to help the borrower prosper, does not transform a business relationship into a fiduciary relationship.

Examples of a fiduciary relationship include physician and patient, attorney and client, trustee and beneficiary, principal and agent, partners, and husband and wife.

Instruction No. 24 is substantially consistent with the holding of this court in *Garrett v. BankWest, Inc.*, 459 N.W.2d 833, 838 (S.D.1990), wherein we noted that:

[T]he relationship between a bank and its customer is normally viewed as a debtor-creditor relationship which imposes no special or fiduciary duties upon the bank. Such a relationship can become a fiduciary relationship if the borrower reposes a faith, confidence and trust in the bank which results in dominion, control or influence over the borrower's affairs. Finally, the borrower who reposes the confidence must be in a position of 'inequality, dependence, weakness or lack of knowledge.' (Citation and footnote omitted.)

We conclude that Instruction No. 24 adequately and accurately advised the jury of the applicable law. *Frazier, supra; Grey Owl, supra; Dwyer, supra.*

We have considered the other issues raised by Ainsworths and find them similarly lacking in merit. *Riley v. Wheat*, 45 S.D. 320, 187 N.W. 425 (1922). *See also Rapp v. Petrick*, 61 S.D. 426, 249 N.W. 736 (1933); 77 Am.Jur.2d *Vendor and Purchaser* §§ 191–92 (1975); 71 Am.Jur.2d *Specific Performance*, §§ 136–37 (1973). *See Lytle, supra; Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251 (S.D.1976); *Dwyer, supra.*

From our review of the record, we are persuaded that Ainsworths had a fair trial before a properly instructed jury. The jury presumably concluded that Ainsworths had failed to meet their burden of proof on the issue of liability. Like in most trials, error was committed, however, we find no prejudicial error which affected the ultimate outcome of the case.

Affirmed.

WUEST, HENDERSON, SABERS and AMUNDSON, JJ., concur.