[Williams v. State.]

# Williams & Youngblood v. The State.

## Indictment for Larceny.

1. *Declarations of prosecutor and response of defendants thereto; when not competent evidence.* — Proof that the prosecutor, after he had been drawn and summoned as a grand juror, proposed to the defendants not to prosecute them if they would pay for the stolen property, which offer was refused, is properly rejected as evidence for the defence, unless shown to be parts of the *res gestæ*.

2. *Charge to jury; what erroneous.* — A charge that the jury must acquit, "if from all the evidence there is a *probability* of the innocence of the defendants," is, without more, calculated to mislead the jury and is properly refused.

3. *Larceny; constituent elements of.* — To constitute larceny it is not necessary that the taking should have been with the intent to appropriate the goods to the use of the prisoner; it is sufficient if there is a criminal intent to deprive the owner of his property.

4. *Charge to jury; what, error to refuse.* — It is error to refuse to charge the jury, on the trial of an indictable offence, that they must be satisfied "beyond all reasonable doubt and to a moral certainty" of the existence of every fact necessary to establish the defendant's guilt.

5. *Good character, proof of; how to be weighed.* — Proof of good character is admissible in all criminal prosecutions, not only where doubt exists on the other proof, but also to generate a doubt. Such proof, however, is not to be considered "independent of," but in connection with the testimony; and it is for the jury to say, after a deliberate consideration of all the evidence, whether it establishes the guilt or innocence of the prisoner.

APPEAL from Circuit Court of Pike.

Tried before Hon. H. D. CLAYTON.

The appellants, J. H. Williams and Oscar Youngblood, were indicted and convicted for the larceny of two yearlings, the property of F. A. Boswell.

Boswell was introduced as a witness and testified as to the loss of his cattle. On cross-examination it was proposed by the defence to prove by him that after he had lost the cattle, and after he had been notified that he had been drawn as a grand juror, he offered not to prosecute the defendants if they would pay him $30, which proposition they declined. The court refused to allow this proof to be made, and the defendants excepted. Several witnesses were introduced on both sides, and the testimony was conflicting. The evidence on the part of the State tended to show that the defendants, while in charge of a drove of cattle, passed by the field where the prosecutor's cattle were grazing, turned them in the drove and carried them to Montgomery where they were sold. · The testimony for the defence tended to show that the cattle seen in the drove, and thought by the state's witnesses to belong to the prosecutor, were not his, but had been bought by defendants from their owners who lived in the neighborhood. The evidence was also conflicting as to the marks and appearance of the two yearlings seen in the drove. The prisoners also introduced proof of good character.

The defendants asked several written charges, four of which the court refused, and the defendants duly excepted. These charges were as follows : " 1. If from all the evidence there is a probability of the innocence of the defendants, the jury must find them not guilty." " 2. If the jury is not convinced by all the evidence to a moral certainty that the defendants feloniously took and carried away the two yearlings alleged to have been stolen, with the intent to appropriate them to their own use, then they must find them not guilty." " 5. The State is required to show by evidence beyond all reasonable doubt and to a moral certainty the existence of every fact necessary to establish the guilt of defendants, before they can be convicted ; if from all the evidence the jury believe the State has failed as to one single fact necessary to be proved, then they must find the defendants not guilty." " 8. The law says if the defendants have proved a good character, such good character may be looked to, independent of the evidence in the case, to generate a doubt of their guilt."

JNO. D. GARDNER, for appellant. — The question to Boswell was proper. It tended to show a willingness to stand a prosecution, after being notified that it was pending. It was an act of the parties which shed light on the motives of defendants, and was a fact pointing to innocence. *Hunter* v. *State*, 43 Ga. 523. The charges refused should have been given. *Joe* v. *The State*, 3 Ala. 422 ; 36 Ala. 211.

JNO. W. A. SANFORD, Attorney General, *contra.* — The refusal to allow Boswell to answer the question put to him was proper. The evidence offered constituted no part of the *res gestæ*. The charges asked were properly refused. *McAlpine* v. *The State*, 47 Ala. 78. These charges all had a tendency to mislead the jury.

BRICKELL, C. J. — The offer of appellants to prove by the prosecutor, that after he had been drawn and summoned as a grand juror, he proposed to appellants not to prosecute them if they would pay him thirty dollars, which they refused, was properly rejected. A prosecutor of an indictment, for a violation of the criminal laws, though the offence may have been committed against his property, is not a party, in such sense that his admissions or declarations can be received in evidence, for the purpose of defeating the prosecution. The prosecution is beyond his control, and whatever facts may be necessary to support the defence must be proved otherwise than by his admissions or declarations. These may be admitted to affect his credibility as a witness, as under a proper

state of facts they would be received to impeach the credibility of any other witness. Beyond this they are inadmissible, unless parts of the *res gestæ.* Roscoe Cr. Ev. 52. Nor was the evidence admissible in connection with the fact that the appellants rejected the proposition. Their acts or declarations, not parts of the *res gestæ,* could not be given in evidence by them.

The first charge requested by the appellants was properly refused. It would have involved the jury in doubt and uncertainty, unless it had been carefully explained to them what was intended by *a probability of innocence.* A charge having a tendency to mislead or confuse the jury should be refused. The second charge was also properly refused. To constitute the offence of larceny, it is not necessary the taking should have been with an intent to appropriate the goods to the use or benefit of the person taking. The criminal intent consists in the purpose to deprive the owner of his property. No benefit to the guilty agent may be sought, but only injury to the owner. Rosc. Cr. Ev. 644.

The charge numbered five asserted a correct legal proposition, and should have been given. It cannot be doubted that in all criminal prosecutions the evidence must satisfy the jury to a moral certainty of the defendant's guilt, before they render a verdict of guilty. If the jury are not morally certain of every fact necessary to guilt, they cannot be said to be without reasonable doubt. This is all we understand the charge as asserting, and it should have been given as requested. *Mose* v. *State,* 36 Ala. 230; 3 Green. Ev. § 29.

The charge numbered eight was properly refused. The good character of the accused is a fact which may be given in evidence in all criminal prosecutions, whether for felony or misdemeanor, not only where a doubt exists on the other proof but to generate a doubt of guilt. *Felix* v. *State,* 18 Ala. 720; *Dupree* v. *State,* 33 Ala. 380; *Harrison* v. *State,* 37 Ala. 154; *Hall* v. *State,* 40 Ala. 698. It is not, however, as this charge supposes, to be considered independent of, but in connection with the other evidence; and the jury are to say, after a deliberate consideration of all the evidence, whether the defendant is guilty or innocent.

It is unnecessary to notice the other matters presented by the bill of exceptions. For the error pointed out, the judgment is reversed and the cause remanded. The defendants must remain in custody until discharged by due course of law.