## HITCHCOCK v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2406. Decided Dec 28, 1933

Beery, Underwood, Ryder & Russell, Akron, for plaintiff in error.

Ray B. Watters, Prosecuting Attorney, Akron, for defendant in error.

**OPINION**

By WASHBURN, PJ.

One of the principal errors claimed is the overruling of the motion for a directed verdict, the claim being that there was no evidence tending to prove some of the material allegations of the indictment.

The indictment charged that, as agent for Ranney P. Frank, the defendant received certain moneys belonging to said Frank, which defendant unlawfully and fraudulently converted to his own use.

There was no charge of conspiracy in the indictment, or that said acts were done through a corporation which was a mere instrumentality by which the embezzlement was accomplished; but the indictment, in addition to charging that defendant was the agent of Frank, also charged that, at the time he did the things complained of, he was an officer and employee of both of said corporations.

There was no evidence introduced tending to prove that, as an individual, and separate and apart from his connection with a corporation, he was an agent of Frank, or that as an individual he received money belonging to Frank, or that he converted money belonging to Frank to his own use.

The evidence, which was uncontradicted, did establish that a bona fide corporation, of which for many years the defendant had been an influential and important official, did, while acting as agent for Frank, receive said money belonging to Frank and did unlawfully and fraudulently convert said money to its own use, and the evidence, undenied and unexplained, warranted the jury in finding that the defendant, who was a managing official of the corporation and who had supervision and charge of the particular transaction involved, had full knowledge of such corporation's agency and of the receipt by it of Frank's money and of the conversion of the same to the use of said corporation, and further that the defendant initiated such agency and knowingly signed papers and did other acts necessary to enable the corporation to obtain possession of said money belonging to Frank, and that after said money had been obtained by the corporation, the defendant, acting as an official of the corporation, concealed from Frank for a long period of time the fact that said money had been obtained, and refused to turn over same to Frank.

Furthermore, there was testimony as to the excuses made by the defendant very soon after the corporation received Frank's money for not paying it to him, and as to excuses made about the same time by defendant to others whose money was similarly received by the corporation for not paying them, and as to the conduct of the defendant when said excuses were made, and there was also evidence as to the corporation owing large sums to banks and in reference to the subsequent failure of corporation, and evidence that at the time Frank's money was received the corporation had transferred to another corporation the major portion of its business and had ceased the prosecution of its business except in connection with the liquidation of the corporation.

The jury had a right to draw all reasonable inferences from the proven facts, and from these and other facts, which were not denied or in any manner explained, the jury might reasonably infer that the defendant had full knowledge of the financial condition of said corporation, and that when the defendant, on behalf of the corporation, arranged with Frank to receive his money and signed the papers necessary for the corporation to obtain said money, the defendant knew that, in the regular course of the corporation's business, the money would be deposited in the bank in the corporation's account and mingled with its funds and converted to its use, and that the circumstances were such as to justify the conclusion that the Akron company was at least unable to pay its liabilities as they became due, and were such as to make it not only reasonably certain but certain beyond a reasonable doubt that Frank would not be reimbursed by the company for the money so taken by it and that he would lose the same.

In the absence of any evidence by the defendant, or in his behalf, we are of the opinion that the finding of the jury that the foregoing facts and inferences were established beyond a reasonable doubt, is not manifestly against the weight of the evidence.

We are also of the opinion that such facts cover all of the material allegations of the indictment.

The general rule is that an officer of a corporation may be held criminally responsible for the embezzlement of the property of a third person through a corporate act, where the act was done by the individual officer or at his direction, or where he is in charge and has authority in the premises and with full knowledge permits the act to be done, or where he personally initiates and takes an active part in a transaction when he knows that, in the usual course of business conducted under his supervision, such transaction is reasonably certain to result in the act being done by an employee of the corporation.

Acts done by a defendant are none the less his acts because he does them on behalf, and as an officer, of a corporation. It is true that the defendant in the case at bar may not have actually received said money and deposited it in the bank, but that was an established routine of business, well known to him and within his authority, which he must have contemplated when, on behalf of the corporation, he agreed to collect said money for Frank and pay the same over to him, the company being liable not as a debtor but as a special agent or trustee.

It is true that the evidence does not show which two of the three officers signed the checks disbursing said money for the benefit of the corporation, but the circumstances were such that, in the absence of any denial or explanation by the defendant, he must have known what was likely, if not almost certain, to happen to the money when it was deposited in the corporation's general account in the bank, and such knowledge is also indicated by his subsequent conduct in deceiving Frank as to the receipt of the money and his conduct with reference to others whose moneys were similarly received at about the same time. The defendant must be held to have intended the natural consequences of his acts, and the jury was justified in finding that his acts constituted a fraudulent conversion of Frank's money when it was mingled with the funds of the corporation, especially when the corporation was in the condition indicated by the evidence.

The fact that the money was not converted to the defendant's personal use, does not relieve the defendant from criminal liability for the conversion.

While the indictment did not charge that the defendant performed the acts complained of on behalf, and as an officer, of a corporation, it did describe the transaction complained of with sufficient certainty to inform the defendant of the charge against him and apprise him of what the state proposed to prove, and was therefore sufficient.

Some authorities for one or more of the foregoing propositions are as follows:

Commonwealth v Moore, 44 NE 612.

**Brown v State, 3 Oh Ap 52.**

State v Ross, 55 Ore. 450.

Milbrath v State, 138 Wis. 354.

State v Thomas, 123 Wash. 299.

Lopez v State, 80 SW 1016.

The trial court permitted the state to offer evidence of similar transactions with three other persons who, about the same time, left mortgages with the defendant for collection by said company, and it is urged that this was error; but we are of the opinion that such evidence was competent and that there was no abuse of discretion by the trial court as to the order in which said evidence was received.

It is further urged that it was the duty of the trial judge, at the time such evidence was introduced, whether requested so to do or not, to limit the competency of such evidence to the specific intent charged in the indictment, by instructing the jury to that effect; and, as the trial judge did not

do so, that prejudicial error was committed. In the case at bar, the court was not requested to so instruct the jury at the time the evidence was introduced, and the court did not do so at that time; but in the general charge the court did properly charge the jury as to the purpose for which said evidence was admitted.

The contention of the defense is based upon the cases of **State v Davis, 90 Oh St 100**, and **Baxter v State, 91 Oh St 167**, where language was used which would seem to justify the conclusion claimed. But the case of **Miller v State, 101 Oh St 535**, which reversed the judgments of the lower courts upon authority of the two cases hereinbefore referred to, we find, upon investigation of the printed briefs in the Supreme Court, which included a copy of the Court of Appeals opinion in the case, was probably not a case where the court simply failed to instruct the jury at the time the evidence was introduced but did properly instruct the jury in the general charge.

In the case of **Patterson v State, 96 Oh St 90**, it was stated in the opinion, in reference to the subject, as follows:

"It would be a sufficient compliance by the court if during its admission it admonished the jury as to the effect of evidence relating to similar offenses, or if it later so limited such evidence in its general charge."

and the opinion differentiates the first two cases mentioned.

Then, in the case of **Barnett v State, 104 Oh St 298**, the proposition was stated in the syllabus of the court as follows:

"2. The trial court at the time of the introduction of such evidence, or in its general charge, should limit the application of such evidence by the jury to such purpose."

Then, in the case of **Lyon v State, 116 Oh St 265**, the trial court limited the consideration by the jury of such evidence in its general charge and mentioned the subject twice therein, and the court held that that was sufficient.

In the case at bar, we are of the opinion that there was no prejudicial error committed by the trial court in not limiting such testimony at the time it was introduced, the court not having been requested so to do.

It is also urged that it was error for the court to charge upon the subject of circumstantial evidence, because there was no such evidence in the case, and we find that there is no basis for such claim.

Other claims are made as to errors in the charge, but it is apparent from what we have said in reference to the criminal responsibility of an officer of a corporation that we find against such claims.

Furthermore, we find no prejudicial error in the court's refusal to charge in the language of the requests to charge made by the defendant. Insofar as they stated sound propositions of law applicable to the case, they were covered in the charge of the court.

Having reached the conclusion that the trial of the defendant was free from prejudicial error, we discharge our duty by affirming the judgment.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.