THE STATE OF OHIO, APPELLEE, *v.* PAYNE, APPELLANT.*

(No. 5619—Decided August 9, 1957.)

*Mr. Samuel L. Devine,* prosecuting attorney, and *Mr. Fred L. Newsom, Jr.,* for appellee.
*Messrs. Robins, Metcalf & Fisher,* for appellant.

PETREE, P. J. The state of Ohio, plaintiff, appellee herein, filed a motion to dismiss the appeal of defendant, appellant herein, for the reason that, although a notice of appeal was filed herein on September 7, 1956, and a bill of exceptions was filed December 13, 1956, the defendant has not, to date, filed any brief or taken any other steps to prosecute his appeal.

The motion for a new trial was overruled August 10, 1956, by the trial judge in the Common Pleas Court. Twenty-eight days thereafter, to wit, on September 7, 1956, notice of appeal on questions of law was filed by George V. Fisher, attorney for defendant, and on the same day a precipe was filed, which reads as follows:

"To the Clerk of the Court of Common Pleas of Franklin County, Ohio:

"Please prepare and file with the Court of Appeals of this district, a transcript of the docket and journal entries together with the original papers in the above-entitled cause."

On July 29, 1957, a memorandum contra the state's motion contained the following statement:

---

*For opinion on merits, see *post,* 410.

"On August 10, 1956, the plaintiff-appellee filed an entry for the overruling of the motion for a new trial. On September 7, 1956, the notice of appeal was filed by the defendant-appellant. Subsequent to the filing of this notice of appeal the prosecutor's office informed the clerk of the criminal court to ignore this notice since it was not filed on time. As a result a number was not given to the case until December, 1956. *State* v. *Weaver*, 75 Ohio Law Abs., 390:

" 'The provisions of rule 7 of the Court of Appeals relating to the time for filing briefs on appeal does not apply to criminal cases.' "

It is not necessary for us to elaborate upon the reasons for the delay in getting the cause into our court. The fact remains, as exhibited by the file, that a precipe was filed in the trial court on September 7, 1956, and the next entry in the file is as follows:

"Dec 13, 1956. Case filed in the Court of Appeals."

Among the original papers transmitted to this court on December 13, 1956, was a motion for a new trial filed on May 19, 1956, together with a memorandum in support thereof filed on June 19, 1956. The motion and memorandum set forth three reasons for which defendant sought a new trial. We will take note of number three, which is as follows:

"3. Errors by the court in its charge to the jury, prejudicial to this defendant."

In support of this branch of the motion for a new trial, we find the following, beginning at paragraph three in the memorandum:

"3. Counsel for the defendant, Clifford Payne, respectfully sets forth the court's charge in regard to the alibi interposed by the defendant Payne.

" 'My attention has been called to the question of alibi. The defendant Payne has interposed a defense here of what we call an alibi, which means, "I was someplace else at the time." To prove an alibi you must do so *by a preponderance of the evidence, that is, the greater weight of the evidence,* and, of course, if he proves that if he was someplace else, he could not have been guilty of the commission of this crime, and you necessarily have to find him not guilty, but as I say, he must prove that *by preponderance of evidence* * * *.' (Emphasis added.)

"Counsel for defendant Payne directs the court's attention to the leading case in relation to the subject of alibi, *Walters* v. *State,* 39 Ohio St., 215, wherein the court ruled as follows:

" 'Where the evidence tends to prove the commission, by the defendant, of the crime charged in the indictment, at a particular time and place, and the defendant offers evidence tending to show that at such time he was at another place, it is error for the court to charge the jury that testimony tending to show such *alibi* was not to be considered, unless it established the fact by a preponderance of evidence. The burden of proof was not changed when the defendant undertook to prove an *alibi,* and if by reason of the evidence in relation to such *alibi,* the jury should entertain reasonable doubt as to the defendant's guilt, he should be acquitted, although the jury might not be able to find that the *alibi* was fully proved.'

"In this case the lower court had charged the jury that the defendant had to establish his defense of alibi by preponderance of the evidence. The Supreme Court of Ohio held that such a charge was erroneous. And further said, which we quote,

" 'We think it was the duty of the judge to have said to the jury that they must consider all the evidence in the case, including that relating to the *alibi,* and determine from the whole evidence whether it was shown beyond reasonable doubt that the defendant had committed the crime with which he was charged.'

"In the case of *State* v. *Brennan,* 85 Ohio App., 175, decided May 9, 1949, the court stated in their opinion as follows:

" 'On the theory that in this country it is not a requirement that an accused establish innocence, but for the prosecution to establish his guilt beyond a reasonable doubt, it is generally held that the accused does not have the burden of proving an alibi. Such is the law in Ohio. *Toler* v. *State,* 16 Ohio St., 583; *State* v. *Norman,* 103 Ohio St., 541, 134 N. E., 474; *Sabo* v. *State,* 119 Ohio St., 231, 163 N. E., 28.'

"In 15 Ohio Jurisprudence (2d), 646, Section 478, in regard to alibi it is stated that in Ohio it has been settled that an alibi is not an affirmative defense, and that it is not incumbent upon the accused to prove the defense of alibi by a preponderance of the evidence. A fortiori, he is not required to prove it

beyond a reasonable doubt. If by reason of the evidence in relation to an alibi, the jury entertain a reasonable doubt as to defendant's guilt, he should be acquitted although the jury may not be able to find the alibi fully proved.

"Counsel for the defendant, Clifford Payne, respectfully states that the charge by the court in relation to the subject of alibi was erroneous and prejudicial and that as a result thereof the defendant, Clifford Payne, should be given the opportunity to have this case heard before another jury who will then upon the instruction of the court give to the subject of alibi the legal and necessary weight and interpretation."

Without in any manner deciding the issue on its merits, we feel that the record warrants the waiver by this court of the time for filing assignments of error, bill of exceptions, and briefs. A serious question has been raised, as evidenced by the following from the opinion by Okey, J., in *Walters* v. *State, supra,* beginning with the second paragraph on page 217:

"2. Evidence was given tending to show that the defendant committed the alleged burglary and larceny on the night of May 5, 1882. The defendant offered evidence tending to prove an *alibi.* The court charged the jury, among other things, as follows: 'Under the plea of not guilty, the defendant, Walters, interposes the claim and defense that at the very time of the alleged commission of the crime he was elsewhere; that is, that he was at that identical time either in the city of Mansfield or in the village of Ashland, or in a railroad car journeying between the two places; so that, being *elsewhere,* it was physically impossible for him to be committing crime at the same time at Balliet's barn. This defense, in law, is called *alibi.* The defendant need not make out his defense of *alibi* by convincing you beyond reasonable doubt. If he established this defense of *alibi* by a preponderance of evidence, that is enough —you must acquit him. A preponderance of evidence for the *alibi* will be when it outweighs what the state has produced to the contrary, and all the evidence to the contrary. The credibility of the *alibi* is greatly strengthened if it be set up at the moment of first accusation, and if it be consistently maintained throughout subsequent proceedings; otherwise its weight is lessened.' To which charge the defendant excepted.

"*We hold this charge to be erroneous.* [Emphasis added.]

It is, in effect, that evidence tending to show such *alibi* is not to be considered in favor of the defendant unless it outweighs all the evidence in opposition to it. We think it was the duty of the judge to have said to the jury that they must consider all the evidence in the case, including that relating to the *alibi,* and determine from the whole evidence whether it was shown beyond reasonable doubt that the defendant had committed the crime with which he was charged. The burden of proof was not changed when the defendant undertook to prove an *alibi,* and if, by reason of the evidence in relation to such *alibi,* the jury should doubt the defendant's guilt, he would be entitled to an acquittal, although the jury might not be able to say that the *alibi* was fully proved. *Toler* v. *State,* 16 Ohio St., 583; 1 Bishop, Cr. Pro., Sections 1061-1068; Whart., Cr. Ev., Section 333.''

Section 2953.05, Revised Code, provides as follows:

''Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within 30 days after sentence and judgment. After 30 days from sentence and judgment, such appeal may be filed only by leave of the court or two of the judges thereof.''

Under this statute, it would seem that a notice of appeal and precipe filed with the Clerk of the Court of Common Pleas of Franklin County, who is also the clerk for the Court of Appeals for Franklin County, 28 days after the judgment entry was filed in the Common Pleas Court, make it the duty of the clerk to transmit the cause to the Court of Appeals. It seems clear that notices of appeal are filed within jurisdictional time in criminal cases when filed within 30 days. This rule should be distinguished from the appeal in civil cases, which sets forth a 20-day period. In all other matters necessary for an appeal, where a notice of appeal has been filed within the 30-day period, the court may, for good cause shown, extend the time. In support of this, we find the following, cited in the case notes to Section 2953.05, Revised Code:

''This section permits an appeal from a judgment in a criminal matter more than 30 days after judgment entry but the same will be allowed only upon good cause being shown: *In re Martin,* 61 Ohio Law Abs., 304, 104 N. E. (2d), 194 (App).''

This appeal by the defendant does not appear to be for pur-

poses of delay, inasmuch as the record shows that he has been serving time in the Ohio Penitentiary, pursuant to the sentence in this case, since about May 16, 1956, and has addressed two communications to the clerk for the Franklin County Court of Appeals, one dated February 4, 1957, and the other dated July 1, 1957, in which he asked for information and advice with reference to his hearing.

The motion of the state to dismiss the appeal is overruled, and leave is granted the defendant to present or to file assignments of error and a bill of exceptions, which should contain enough of the record to exhibit the errors complained of, together with brief, within 30 days from the filing of the journal entry herein. Subsequent briefs may be filed within the time allowed by this court.

Defendant's memorandum contra the motion is treated as an application for leave to appeal under Section 2953.05, Revised Code, assigning reasons for failure to file in time provided by Section 2945.65, Revised Code.

*Motion overruled.*

BRYANT and MILLER, JJ., concur.