Robert Dean **DAILEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17345.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1958.

James K. Rankin, L. Norman C. Fisher, Atlanta, Ga., for appellant.

E. Ralph Ivey, Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a conviction and sentence on an indictment in one count charging that on or about the 3rd day of April, 1958, the defendant did transport in interstate commerce from Atlanta, Georgia, one Nell LaVern Dailey, for the purposes of prostitution and debauchery, in violation of Sec. 2421, Title 18 U.S.C. It presents one primary question for review. This is whether the verdict and judgment were without lawful evidence to support them, and it was error not to grant defendant's motion for acquittal.

Subsidiary to this question are two others. One of them is that appellant's extra judicial confession, on which the government mainly relied, was inadmissible and should have been excluded. The other is that, if admissible, it cannot alone support a judgment of conviction. It must be corroborated by independent proof of the corpus delicti and the record is wholly devoid of such proof.

Because we are of the clear opinion that the corpus delicti was not sufficiently proven to withstand the motion for acquittal and that the first question must be answered in the affirmative, we pass without deciding whether, if there had been sufficient independent proof of the corpus delicti to warrant the consideration of the confession, it should have been excluded on other grounds. Since the real dispute between the parties is not, as to the legal rules controlling the decision of this case, indeed appellant and appellee cite and rely on the same cases, but only as to whether the evidence brings the case within the rule, it will be sufficient for us to cite

some of the cases [1] and by a brief statement of the evidence,[2] or rather lack of evidence, aside from the confession, show how and wherein the prosecution failed.

When the government rested and the defendant presented his motion for an instructed verdict, the district judge inquired what evidence the government had outside of the confession, and the district attorney answered, "Your Honor, the evidence, of course, of the bell hop of making a proposition for 40–60, and, I think, as you have ruled, we could not explain that, but it would be for the jury to decide for what purpose they were up there".

Later there was the following colloquy:

"The Court: You don't have anything but the statement, that is all you have, isn't it?"

"Mr. Ivey: I mean the records up there show that they were there."

"The Court: Yes, they were there, but you don't have any proof of any immoral purpose except this statement, do you?"

"Mr. Ivey: Well, we have,—I think the jury could, your Honor, reasonably find from what he told the bell hop that they were up there for immoral purpose. We feel this would be corroboration of his own confession."

"The Court: That is just about as weak as I ever saw one, about the weakest I think I ever saw one. * * * I am very doubtful of it, Mr. Ivey. You just haven't got anything much except the statement, and it's given under such circumstances as brings its admissibility into question. I am very doubtful about it. I will take the motion under advisement along with the other matters, and go ahead and submit the case, and see what they do with it. * * * It's a mighty sorry case."

■ When it is considered: that this case, involving a husband and wife traveling from state to state and registering as such in a hotel, is a criminal case; that, for a conviction in such a case, evidence is required proving guilt to a moral certainty, that is, beyond a reasonable doubt; and that the evidence is entirely circumstantial;[3] it is quite

1. Vogt v. United States, 5 Cir., 156 F.2d 308; Masse v. United States, 5 Cir., 210 F.2d 418; Lindsey v. United States, 5 Cir., 227 F.2d 113.

2. Prior to April 3, 1958, and at all times since, Robert Dean Dailey and Nell La-Vern Dailey were, and have been, husband and wife. They left Atlanta by automobile on the early afternoon of Thursday, April 3, 1958, according to appellant's testimony, to drive to Louisville, Kentucky, which was his wife's home, to spend the Easter week end with Mrs. Dailey's father who resided there. According to his testimony, too, they had car trouble and stopped at the Sam Davis Hotel in Nashville, but, whatever the reason for stopping, the fact is that they stopped there and registered as husband and wife.

There was no evidence of any acts of prostitution or debauchery there or elsewhere upon the trip, and appellant denied that such was the purpose of the trip or that such had occurred.

The only evidence, outside of his confession and his admission while on the stand that he had transported his wife to places in Georgia for purposes of prostitution, on which the government relies, was the testimony of the bell captain of the hotel in Nashville, that when he checked appellant and his wife in, appellant stated: "If you need anything I have got it;" that it would be 40–60 that 40–60 meant prostitution; that it further meant a percentage of division, that the bellboy was to get 40 percent of the proceeds. The court instructed the jury that it was not for the witness to state what was meant but for the witness to state what was said to and by him and for the jury to determine what was meant.

Appellant denied making these statements. The manager of the hotel testified as a witness for the government that the defendant and his wife had registered as man and wife, and, on cross-examination, that the hotel was one of the best in Nashville and had high class guests.

3. Kassin v. United States, 5 Cir., 87 F.2d 183; McTyre v. United States, 5 Cir., 213 F.2d 65, 66; Vick v. United States, 5 Cir., 216 F.2d 228 at page 232.

plain that a conviction on the record in this case may not stand. When it is further considered: that in this case the inference, that the purpose of the journey is immoral, which ordinarily arises when a man and woman, who are not married, travel together and register in hotels as man and wife,[4] cannot be drawn without other evidence rebutting the ordinary inference to the contrary,[5] this becomes even more clear.

For the failure of the court to direct a verdict of acquittal, the judgment is reversed and the cause is remanded with directions to enter a judgment of acquittal.

---

4. Daigle v. United States, 1 Cir., 181 F.2d 311.

5. Cf. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331.