STATE, Respondent v. BREWER, Appellant

(197 N.W.2d 409)

(File No. 10981. Opinion filed May 9, 1972)

C. J. Kelly, Asst. Atty. Gen., Pierre, S. D., argued the cause for plaintiff and respondent; **Gordon Mydland,** Atty. Gen., Pierre, on the brief.

**Dennis A. Brown,** Aberdeen, argued the cause for defendant and appellant.

BIEGELMEIER, Judge.

 Defendant appeals from a sentence founded on a jury verdict of guilty of obtaining money by false pretenses on a check dated June 3, 1970. Appointed counsel, who appeared for defendant at the trial, has presented three assignments of error and listed and presented seven as advanced by defendant. Defendant excepted to the emphasized part of the following instruction given by the court:

> "By reasonable doubt of guilt is meant doubt of guilt reasonably arising from all the evidence, facts and circumstances or lack of evidence in the case. It is not mere possibility of doubt. It is not an imaginary doubt nor a doubt of absolute certainty of guilt of a defendant, because everything relating to human affairs may be open to some conjectural or imaginary doubt and because absolute certainty is not required by law. A reasonable doubt is one which would ordinarily impress the judgment of a prudent person so as to cause him to pause or hesitate to act in the more important affairs of life. **A reasonable doubt exists in any case when, after careful and impartial consideration of all the evidence, the jurors do not feel convinced to a moral certainty that the defendant is guilty of the charge. Moral certainty is that degree of proof which produces conviction in an unprejudiced mind.** If after a consideration of the whole case any juror entertains a reasonable doubt of the guilt of the defendant, it is his duty not to vote for a verdict of guilty or be influenced in so voting for the single reason that other members of the jury may be in favor of a verdict of guilty. * * *"

Defendant argues the emphasized part of the instruction permits a juror to substitute his own personal standard of morality in place of a proper consideration of the evidence. In support he

quotes from 53 Am.Jur., Trial, § 762, and State v. Price, 83 W.Va. 71, 97 S.E. 582, 5 A.L.R. 1247, cited therein, which in turn relies on State v. Sheppard, 49 W.Va. 582, 39 S.E. 676. The court there was referring to an instruction which did not limit the jury to the evidence in the trial and so may have allowed the jurors to reach a conclusion of guilt to a moral certainty based on matters a juror might know aside from the evidence. That is not apropos to the instruction given by the court in this action which begins with reference to a reasonable doubt "arising from all the evidence, facts and circumstances or lack of evidence", and the very clause objected to states that doubt exists when "after careful and impartial consideration of all the evidence, the jurors do not feel convinced to a moral certainty that the defendant is guilty".

If this objection is directed to the use of the phrase "proof to a moral certainty", the same paragraph cited by defendant (53 Am.Jur., Trial, § 762) states that phrase is synonymous and equivalent with "proof beyond a reasonable doubt". To the same effect see 30 Am.Jur.2d, Evidence, § 1172; the early much cited opinion of Commonwealth v. Webster, Mass., 5 Cush. 295, 52 Am. Dec. 711; State v. Norman, 103 Ohio St. 541, 134 N.E. 474; Dailey v. United States, 5 Cir., 260 F.2d 927, and State v. Sheppard, supra, also cited by defendant; the above are in addition to the authorities listed in the Am.Jur. texts. The brief of the Attorney General traces the history of this subject from the opinion of Justice Shaw in Commonwealth v. Webster in 1850, citing many opinions in accord therewith, to which we add Commonwealth v. Costley, 118 Mass. 1, 23; Williams v. State, 52 Ala. 411; McBee v. Bowman, 89 Tenn. 132, 14 S.W. 481, and notes in 17 L.R.A. 711, 48 Am.St. Rep. 578, and 11 Ann. Cas. 1020.

Objections having been made to the phrase "moral certainty", it must be on the claim that the moral certainty guide is below the standard of reasonable doubt. While the authorities cited hold them to be of equal rank, some indicate the moral certainty standard is of a higher degree than reasonable doubt. For example in Territory of Montana v. McAndrews, 3 Mont. 158, the trial court gave an instruction from the Webster opinion which said:

" 'It (reasonable doubt) is that state * * * (which) after the * * * consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge.'

 \* \* \* \* \* \* \* \*

"The instruction as given by the court required the jury to make a fair and reasonable effort to reach a conclusion from the evidence * * * using their minds and judging of the facts as they would judge of other matters of importance, until they reached that abiding conviction known as a moral certainty of the truth of the charge, which is the very highest grade of certainty that human testimony can produce.

" * * * 'Moral certainty may be said to bear the same relation to matters relating to human conduct, that absolute certainty does to mathematical subjects. It is a state of impression produced by facts in which a reasonable mind feels a sort of coercion or necessity to act in accordance with it. The conclusion presented being one which cannot, morally speaking, be avoided consistently with adherence to truth.' "

The instruction given is number 1-6 of the South Dakota Pattern Instructions 1970, Criminal, with further authorities cited therein. While these instructions had no prior sanction of the courts of this state, they are the product of the labor of many judges and lawyers fashioning suggested instructions in accord with decisions of this and other states. They serve a useful purpose for bench and bar, and are changed when later decisions of the courts require such action as has occurred on occasion. That the task is difficult appears from the opinions of the courts cited above and is also mentioned in 23 C.J.S. Criminal Law § 910 and 23A C.J.S. Criminal Law § 1267 et seq. The attack made on instructions given or refused brings out the remarks of the court in State v. Norman, 103 Ohio St. 541, 134 N.E. 474:

"As a rule, charges in criminal cases should be very short and simple. * * * more than a page is consumed in covering the subject of 'reasonable doubt.' Such a simple phrase is so plain and understandable to a jury of ordinary intelligence that it may well be doubted whether or not attempts at definition do not cloud rather than clear the meaning of these words."

We doubt if the clause emphasized in the instruction set out in the forepart of the opinion is necessary; it fixed no less standard than the reasonable doubt doctrine to which defendant was entitled. It may have fixed a higher one, as the writer believes; of this, defendant cannot complain.

█ It is claimed the court erred in denying a new trial by reason of statements made by the prosecuting attorney in his arguments to the jury. At the close of his opening argument, counsel said:

"I ask that you remember that, and in all due respect for Dennis Brown and his ability, I can honestly say, in my legal opinion, it seems surprising that he has to be here today."

Defense counsel objected to this as a statement of the prosecutor's personal opinion and stated it was improper conduct, though he did not ask for any further corrective action by the court. The court ruled it was not improper. At the close of his final argument, the prosecutor said:

"Ladies and Gentlemen, you have a duty to perform today, just like I have a duty as prosecutor. Although I have nothing personal against Mr. Brewer, I have a job to do just like you people do as members of the public sitting on the jury. We can't pass the buck. This is it. Society is depending upon the jury, like yourselves, to protect the public from a man just such as this. If he's allowed to go free out of the courtroom today, he will continue to do the same thing he has done before."

The same objection was made, to which the court directed the prosecutor to confine his argument to the record. The prosecuting attorney then told the jury "I did say closing arguments are argumentative and subjective. Sometimes you do get a little emotional. Excuse me."

■ Argument should be to inform and not inflame a jury, yet it is argument subject to legitimate bounds. The remarks first quoted were immaterial and should not have been made. However, we believe they were not prejudicially erroneous. Defense counsel, as he should, argued strenuously for defendant, and at one place, on objection, retracted a statement he had made, indicating spirited and thorough presentations. The trial court heard these arguments and could observe the effect they had on a jury. For this reason the granting of a new trial for alleged misconduct of counsel is peculiarly within the discretion of the trial judge, State v. Olson, 83 S.D. 493, 161 N.W.2d 858, and we are not disposed to disturb his ruling.

■ The denial of defendant's motion for a new trial requires a further statement of the record. Defendant notified the state he would "use an alibi defense at the trial", SDCL 23-35-24.* While the notice did not include the information required by SDCL 23-37-5, the trial court admitted in evidence the testimony of four witnesses who were transported at public expense from the State of Virginia to Aberdeen, South Dakota, at defendant's request. They testified of defendant's presence in Virginia on June 1 and 2, 1970. One of the witnesses stated defendant's wife was present, though neither she nor defendant testified at the trial. Defendant's motion for a new trial was also based on a claim of newly discovered evidence — another witness who, it was claimed, said he repaired a car for a man in the summer of 1970, but he did not identify the man as defendant nor does the record show that he could. In any event, this evidence was cumulative and the trial court did not err in denying the motion on this ground. State v. Plucker, 71 S.D. 78, 21 N.W.2d 280.

---

* Having authored our alibi statute, the writer is familiar with the fact it was patterned from the Ohio act, now § 13444-20, Pages Ohio Gen.Code. See State v. Thaver. 124 Ohio St. 1, 176 N.E. 656, 75 A.L.R. 48, and State v. Payne, 104 Ohio App. 405, 149 N.E.2d 579.

The assignments of error advanced at the request of defendant are: claimed contradictions in the testimony of the state's witnesses; allowing witnesses whose names were not endorsed on the Information to testify, and whether there was evidence sufficient to sustain the jury verdict.

■ The credibility of witnesses and the weight of the evidence is for the jury, State v. Burtts, 81 S.D. 150, 132 N.W.2d 209, and a verdict based on conflicting evidence cannot be disturbed on appeal. State v. Watts, 85 S.D. 638, 188 N.W.2d 913. Of the persons who testified without having their names on the Information, two were F.B.I. agents, one of whom witnessed defendant's signature on F.B.I. fingerprint and identification cards, and the other was a handwriting expert. The Information had a name of a witness with an identification as an F.B.I. agent, so defendant was advised such an agent would be called as a witness. Courts are practical enough to realize the names of such agents from Washington, D. C. may not be known when informations are filed. Another witness was a police officer who identified defendant as the man he fingerprinted and as the man who had signed one of the cards. That the witnesses' names were not on the Information was not called to the attention of the court, and no objection was made on that ground. The evidence, therefore, was admissible and no error resulted.

■ As to the sufficiency of the evidence, a checker at a grocery store testified defendant presented the check to her and that he received merchandise and cash for it; she recalled this transaction as she once had a teacher with the same surname as defendant and she asked him if he was related to that teacher. The F.B.I. agent testified that the signature on the check was written by the same person who wrote the signatures on the two other cards which were identified as written by defendant. The evidence was sufficient.

Affirmed.

All the Judges concur.

MILLER, Circuit Judge, sitting for WOLLMAN, J., disqualified.