I am authorized to state that Justice Wollman joins in this dissent.

**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Terry Lee TRIPP, Defendant and Appellant.**

**No. 12363.**

Supreme Court of South Dakota.

Argued June 6, 1978.

Decided Sept. 6, 1978.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Neil Carsrud, Belle Fourche, for defendant and appellant.

PORTER, Justice.

CASE SUMMARY

Defendant was convicted of the grand larceny of two automobile tires from a gas station premises. The tires were found in his possession in June, eight months after they were stored in a locked building to which he and several others had access. Defendant's explanation at trial, taken with

all the circumstantial evidence, in effect ruled out any hypothesis other than that (1) he had stolen the tires sometime between November and January, or that (2) he had by mistake obtained the tires at the station premises in May. We find a jury question was presented and thus affirm.

## FACTS

Defendant was employed as a service station attendant at Southside Standard Station in Belle Fourche from August, 1976 to February, 1977. In November, 1976 defendant helped the manager of the Standard Station, Kevin Voyles, in the removing and storing of four tires from the manager's automobile. These tires, which belonged to Voyles, were stored behind the station in a locked metal building. The key to this building was kept in the station, where defendant and other employees had access to it.

In January of 1977, Voyles decided to sell the four tires. He could not find two of them in the metal building where he had stored them, nor anywhere else on the station premises. In June of 1977, the tires were discovered on defendant's car. The tires were not altered in any way. Defendant continued to do business and service his vehicle at Southside Standard after his employment there had ceased until the time of his arrest on June 30, 1977.

Defendant testified that he put the tires on his car on May 8. He stated that he mistakenly believed them to be two of the four used tires that he had purchased from Southside Standard for $30.00, $7.50 per tire. The State presented evidence that the two missing tires were worth from $50 to $65 per tire. There was also evidence that the missing tires were not seen at Southside Standard after January 19, 1977.

## ISSUE

The issue raised by this appeal is: Was the evidence sufficient to support the verdict?

## DECISION

We conclude that the evidence was sufficient to support the verdict.

■ Defendant claims that the trial court erred in failing to grant his motion for a directed verdict at the end of the State's case-in-chief. This motion is not waived by defendant's presentation of evidence, *State v. Celli,* S.D., 263 N.W.2d 145 (1978); *State v. Olson,* 83 S.D. 493, 161 N.W.2d 858 (1968). On appeal, however, this court considers all evidence on the record in determining whether the denial of the motion was reversible error, *Olson,* supra. *See also State v. Satter,* S.D., 242 N.W.2d 149 (1976).

■ We will thus evaluate all the evidence on the record to determine whether it is sufficient to support the verdict. In reviewing the evidence on appeal this court will uphold the guilty verdict if the evidence, and reasonable inferences which can be drawn therefrom, sustain some rational theory of guilt, *State v. Dietz,* S.D., 264 N.W.2d 509 (1978). In addition, circumstantial evidence and direct evidence are of equal weight, *State v. Shank,* 88 S.D. 645, 226 N.W.2d 384 (1975), and will be reviewed in the same light.

■ The evidence supports the conclusion that defendant had access to the tires along with other employees of Southside Standard. His knowledge of the location of these tires is shown by evidence that he helped Kevin Voyles remove and store them. Unlike the other employees, he was also in possession of the missing tires in June. The trial court found that this possession was not recent, and thus refused to give a jury instruction on recent possession of stolen property, *State v. Larkin,* 87 S.D. 61, 202 N.W.2d 862 (1972). Absent such recency, evidence of possession is, by itself, insufficient to support a conviction, *State v. Ellestad,* 88 S.D. 595, 225 N.W.2d 879 (1975). Evidence of access and knowledge in the present case lends further support to the verdict and distinguishes this case from *Ellestad,* supra, where there was no such support.

We need not, however, base our holding solely on the evidence presented by the state. Defendant testified, and the state presented rebuttal testimony. We must consider all the evidence presented, *State v. Olson,* supra. At the close of the state's case-in-chief, an intermediate change of possession, and thus defendant's innocence, might have been a reasonable hypothesis from the evidence. Defendant eliminated this hypothesis, however, since he testified that he put the missing tires on his car on May 8, 1977, after he bought four used tires from Southside Standard. He stated that the missing tires were at Southside Standard on May 8, and that he put them on his car believing they were two of the tires he had purchased. An intermediate change of possession would necessarily have ended by the return of the tires to Southside Standard between January 19 and May 8, and not by the thief's sale of the tires to defendant. He is bound by this version of the facts, and will not be allowed to assert a new story on appeal.

The state presented evidence which tended to prove that the two stolen tires were not at Southside Standard after January 19, 1977. Gary Storm, a station employee, testified that he pointed out to defendant the four used tires that defendant had bought. These tires were not the missing ones. This testimony conflicts with defendant's version of the facts. The jury was entitled to believe one version and reject the other, *State v. Shank,* supra. The jury chose to disbelieve defendant. Since his own story had already eliminated other hypotheses of innocence, the jury could reasonably infer that he was guilty.

Defendant also contends that his conduct in not altering the tires and in continuing to do business at Southside Standard was more consistent with innocence than guilt. This may be true, but the weight to be given evidence of such conduct is a question for the jury. At best, this evidence conflicts with the State's version. The jury, by its verdict, has · resolved this question against defendant.

For the reasons stated, we affirm the judgment of the trial court.

All the Justices concur.