STATE of South Dakota, Plaintiff and Appellee,

v.

James GOFF, Defendant and Appellant.

No. 12863.

Supreme Court of South Dakota.

Submitted on Briefs March 13, 1980.

Decided May 14, 1980.

Lori S. Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

. Ralph C. Hoggatt, Deadwood, for defendant and appellant.

FOSHEIM, Justice.

A Meade County jury returned a verdict of guilty against the defendant on a charge of grand theft. This appeal is from the judgment of conviction. We reverse.

In August of 1978, James Goff requested Dorothy I. Gapp and her husband, John E. Gapp, to help him with his financial problems. Specifically, a bank at Billings, Montana, was about to repossess his 1972 Chevrolet automobile for delinquent payments. On September 18, 1978, Dorothy Gapp accompanied the defendant to Billings and paid the creditor bank $750.00, the amount necessary to satisfy the bank's note and lien. Mrs. Gapp took a Montana title in her name to protect her security interest, and the automobile was released to the defendant, who drove it back to Piedmont, South Dakota, and parked it on the Gapps' property. There was an understanding that Goff would, within one week, arrange new financing in South Dakota to permit him to reimburse the Gapps and recover the car. The defendant never paid the Gapps and they retained the car until February 25, 1979, when it was taken from the property of the Gapps without their permission and during their absence. The following day, Dorothy Gapp applied for, and promptly received, a South Dakota title to the missing vehicle.

The basic issue presented on appeal is whether it was error for the trial court to deny appellant's motion for a directed verdict. That motion, made at the conclusion of the state's case, was "for the reason that the evidence is insufficient to establish that the vehicle in question is the property of

the complaining witness." * In reviewing such motions, this court is not confined to the evidence as it appeared at the conclusion of the state's case. The denial of a motion for directed verdict for failure of proof is not reversible error if proof is thereafter supplied by either party. The introduction of evidence by the defendant, however, is not deemed a waiver of the motion. This court considers all the evidence in determining whether denial of the motion was reversible error. *State v. Olson*, 83 S.D. 493, 161 N.W.2d 858 (1968).

■ *State v. Troutner*, 80 S.D. 398, 125 N.W.2d 55 (1963) is dispositive of the present case. In *Troutner*, we held that issuance of a title to an automobile in the defendant's name and the clear existence of an intended credit transaction for the car's purchase prevented a conviction for larceny notwithstanding that at the time of purchase, the defendant did not intend to pay for the vehicle. This is in accord with the general rule in other jurisdictions. See, 52A C.J.S. Larceny § 44 (1968). While defendant Goff's interest in the vehicle here was not as obvious as that which existed in *Troutner*, there was nonetheless some indicia of ownership. There is no evidence in the record that defendant intended to sell or that Mrs. Gapp intended to purchase the automobile for $750.00. The record indicates nothing more than the existence of an intended credit agreement between defendant and Mrs. Gapp. The title was placed in Mrs. Gapp's name merely to protect her security interest until defendant arranged new financing. Defendant's taking the car was certainly contrary to his security agreement with Mrs. Gapp. It did not, however, constitute the crime of grand theft. Defendant had a clear equitable interest in the vehicle and was thus clothed with equitable title.

We conclude from all the evidence that the trial court erred in denying defendant's motion for a directed verdict. In view of the conclusion we have reached, we need not consider the remaining assignments of error.

The judgment of conviction is reversed.

All the Justices concur.

---

\* SDCL 22–30A–1 provides:

Any person who takes, or exercises control over, *property of another* with intent to deprive him of it, is guilty of theft. [emphasis supplied].