**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Patricia DeWALL, Defendant and Appellant.**

**No. 14038.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 15, 1983.

Decided Feb. 15, 1984.

---

Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas F. Burns of Gribbin, Burns & Eide, Watertown, for defendant and appellant.

PER CURIAM.

Appellant was convicted for embezzling property she received in trust when she failed to return a car she took for a test drive. SDCL 22–30A–10. The trial court refused her proposed instruction on intent to deprive. We affirm.

At 4:00 p.m. one afternoon appellant and her cousin looked over some used cars on Russ DeVine's car lot in Watertown, South Dakota. Appellant and her cousin asked Mr. DeVine if they could test drive a 1980 Citation. DeVine gave appellant permission to take the car to a local motel where appellant's mother worked. Appellant and her cousin drove by the motel and stopped at some other local businesses. When they returned to DeVine's car lot it was closed. After filling the car up with gas, appellant and her cousin took a three hundred mile drive through South Dakota and Minnesota. When they arrived back in Watertown in the early morning hours, appellant told her cousin to return the car to DeVine's lot and lock the keys in it.

The trial court refused to give the following jury instructions proposed by appellant.

In order to find that the defendant acted with an intent to defraud you must find beyond a reasonable doubt that she acted with an intent to deprive the owner of his property.

The word "deprive" is defined by our law as "to take or withhold property of another or to dispose of property of another so as to make it unlikely that the owner will receive it."

Appellant contends that an intent to deprive is an essential element of embezzlement and the trial court erroneously refused her proposed instructions. She argues that "intent to deprive" is synonymous with "intent to defraud," which is required to prove embezzlement. She relies on our dicta in *State v. Olson*, 83 S.D. 493, 495, 161 N.W.2d 858, 859 (1968), where we said, "[South Dakota Code of 1939] Section 13.-4007, defining the offense of embezzlement by bailee, requires ... that there be a fraudulent intent to deprive the owner of the property."

Our statute defining theft, SDCL 22–30A–1, requires proof of the "intent to deprive" another of his property. In contrast, the embezzlement statute under which appellant was charged, SDCL 22–30A–10, requires proof of the "intent to defraud" in appropriating property to a use or purpose outside the scope of the accused's trust. Both the act and the intent required to be shown under each offense is different. *See* W. LaFave and A. Scott, Criminal Law § 89, 644, 652–654 (1972) (hereinafter cited *LaFave and Scott*); R. Perkins, Criminal Law, 289–293 (1969). If the legislature had intended the elements of embezzlement to be the "intent to deprive" another of his property, it would have said so as it did in the statute defining theft.

Embezzlement was not clearly within the conduct that the common law defined as theft and the statutory enactments of each jurisdiction must be examined to determine what conduct is intended to be included within the offense. *See LaFave and Scott;* 3 C. Torcia, Wharton's Criminal Law § 421 (14th ed. 1980). The intent requirement for embezzlement and theft varies according to the statutes of each jurisdiction. *See e.g., U.S. v. Waronek,* 582 F.2d 1158 (7th Cir. 1978) (18 U.S.C. § 659 requires only proof of the intent to convert goods to the use of accused and not intent to permanently deprive the owner); *State v. Scofield,* 7 Ariz. App. 307, 438 P.2d 776 (1968) (the "fraudulent" intent required to prove embezzlement of rented property under A.R.S. § 13–682(4) (repealed; *now compare* Ariz. Rev.Stat.Ann. § 13–1802A(2) (1978)) includes concepts of "cheating," "tricking," and "wrongfully depriving," but not an intent to permanently deprive as does larceny); *People v. Stein,* 94 Cal.App.3d 235, 156 Cal.Rptr. 299, 303 (1979) ("The fraudulent intent required for embezzlement in Penal Code section 506 is the intent unlawfully to deprive the owner of the property or 'devote the same to his own use.'" *See also* Cal.Penal Code, § 484(a).)

 Our statutory scheme in South Dakota has defined the offenses of theft and embezzlement differently by requiring a separate type of intent for each offense. "Deprive" now has a statutory definition that was not present when we decided *State v. Olson;* any statement that embezzlement required a "fraudulent intent to deprive" was dicta. "Deprive" is now defined by SDCL 22–1–2(11) as "to take or to withhold property of another or to dispose of property of another so as to make it unlikely that the owner will receive it." The embezzlement statute, SDCL 22–30A–10, does not use the now very clearly defined word "deprive." Thus, the offense of embezzling property received in trust does not require proof of the intent to deprive.

 Moreover, the language of this embezzlement statute negates any understanding that the intent element of embezzling property received in trust is the intent to take, withhold, or dispose of property with the likelihood that the owner will not receive it. The class of conduct within the definition of "deprive" is different than the class of conduct within the meaning of "defraud," which is an element of embezzlement. W. Burton, Legal Thesaurus, 144, (1980). As the trial court instructed the jury, the " 'intent to defraud' means to act willfully and with the specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self." South Dakota Pattern Jury Instructions (Criminal) 1–11–4; *Cf.* SDCL 20–10–2 (acts constituting actionable deceit) and SDCL 53–4–5 (acts constituting fraud which will serve as grounds for voiding contracts). This definition of intent to defraud cannot be understood to include the ideas expressed in the statutory definition of "deprive." Quite simply, to deprive someone of their property is different than to defraud them.

The trial court correctly refused appellant's instructions. The judgment is affirmed.